THOMAS A. WOODS (SB #210050)
thomas.woods@stoel.com
BRYAN L. HAWKINS (SB #238346)
bryan.hawkins@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  916.447.4781

Attorneys for
U.S. Bank National Association, as Trustee,
Successor in Interest to Bank of America, National
Association as Trustee as Successor by Merger to
LaSalle Bank National Association as Trustee for
WAMU Mortgage Pass Through Certificates Series
WAMU 2005-AR3, by and through its attorney in
fact Select Portfolio Servicing, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JAY HOON SHIN; HYSOOK SHIN, | CASE NO. 3:18-cv-02143- YGR |
|---|---|
| Plaintiffs, | **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES WAMU 2005-AR3'S NOTICE OF MOTION AND MOTION TO INTERVENE IN THIS MATTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| WASHINGTON MUTUAL BANK, F.A. JPMORGAN CHASE BANK; ALL PERSONS AND ENTITIES UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE OR INTEREST IN THE REAL PROPERTY THAT IS DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF SHIN'S TITLE, OR ANY CLOUD ON PLAINTIFF SHIN'S TITLE THERETO; DOES 1 to 10, INCLUSIVE | |
| Defendants. | Date:       June 12, 2018<br>Time:       2:00 p.m.<br>Courtroom: 1, 4th Floor<br>Judge:      Hon. Yvonne Gonzales Rogers |

1  **NOTICE OF MOTION AND MOTION TO DISMISS**

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on June 12, 2018, at 2:00 p.m., or as soon thereafter as the
4  matter may be heard before the Honorable Yvonne Gonzales Rogers in Courtroom 1 of the
5  United States District Court for the Northern District of California, located on the 4th Floor of the
6  Oakland Courthouse at 1301 Clay Street, Oakland, California 94612, U.S. Bank National
7  Association, as Trustee, Successor in Interest to Bank of America, National Association as
8  Trustee as Successor by Merger to LaSalle Bank National Association as Trustee for WAMU
9  Mortgage Pass Through Certificates Series WAMU 2005-AR3 (the "Trust") will, and hereby
10 does, move this Court, pursuant to Federal Rule of Civil Procedure 24(a), to intervene in this
11 action.

12 This Motion is made on the grounds that the Trust currently possesses an interest in the
13 property which is the subject of this action as evidenced by the Assignment of Deed of Trust
14 recorded in the Alameda County Recorder's Office on February 9, 2011 as Document No.
15 2011052874. Given this interest and the nature of the relief currently being sought by Plaintiffs,
16 disposing of the action would nullify the Trust's interest in the Property.

17 This Motion is based on this Notice of Motion, the accompanying Memorandum of Points
18 and Authorities, the accompanying Request for Judicial Notice, the pleading and files in this
19 action, and such other matters as may be presented at or before the hearing.

20 DATED: April 30, 2018                    STOEL RIVES LLP

22                                          By: /s/Bryan L. Hawkins
                                                THOMAS A. WOODS
23                                              BRYAN L. HAWKINS
                                                Attorneys for U.S. Bank National
24                                              Association, as Trustee, Successor in
                                                Interest to Bank of America, National
25                                              Association as Trustee as Successor by
                                                Merger to LaSalle Bank National
26                                              Association as Trustee for WAMU
                                                Mortgage Pass Through Certificates Series
27                                              WAMU 2005-AR3, by and through its
                                                attorney in fact Select Portfolio Servicing,
28                                              Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association as Trustee for WAMU Mortgage Pass Through Certificates Series WAMU 2005-AR3 (the "Trust") respectfully requests that the Court grant its request to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. Good cause exists to grant this motion because the Trust holds the beneficial interest under a Deed of Trust secured by the real property located at 18980 Mount Lassen Drive, Castro Valley, California 94552 (the "Property") which is the subject of Plaintiffs' quiet title action. Unless the Trust's motion is granted, the Trust's interest could be invalidated. Moreover, the Trust's interest is not adequately protected by any other party to this action. Finally, the Trust's motion is timely given that this matter has only recently been assigned to this Court and no substantive litigation has taken place. For these reasons, and as further discussed below, the Trust respectfully requests that the Court grant its motion and allow it to intervene in this action.

## II. RELEVANT BACKGROUND FACTS

On January 14, 2005, Plaintiffs obtained a first lien mortgage in the amount of $648,000 (the "mortgage loan") secured by a Deed of Trust on the Property. Request for Judicial Notice ("RJN"), Exh. A. The DOT identified Plaintiffs as "Borrower," California Reconveyance Company ("CRC") as "Trustee," and Washington Mutual Bank, FA ("WaMu") as the "Lender" and "Beneficiary." *Id.*

On February 9, 2011, JPMorgan Chase Bank ("Chase"), as successor in interest to WaMu, recorded an Assignment of Deed of Trust ("ADOT") transferring the beneficial interest under the DOT to Bank of America, NA ("BANA"), as successor by merger to LaSalle Bank, as Trustee for the Trust. RJN at Exh. B. Moving Defendant U.S. Bank subsequently succeeded BANA as Trustee for the Trust under the DOT. *See* RJN, Exh. C.

### III. RELEVANT PROCEDURAL HISTORY

Plaintiffs have filed multiple prior lawsuits in an attempt to delay the foreclosure on the Property:

- *Jay Hoon Shin and Hyeshook Shin v. Bank of America, as Trustee; et al.*, Alameda County Superior Court, Case No. RG11595122;
- *Jay H. Shin v. Bank of America, as Trustee; et al.*, Alameda County Superior Court, Case No. HG14751600; and
- *Jay Hoon Shin and Hyeshook Shin v. JPMorgan Chase Bank, N.A.; et al.*, Alameda County Superior Court, Case No. HG15754558.

RJN, Exhs. D-F.

Plaintiffs' modus operandi in these cases is to dismiss the matter without prejudice on the eve of the demurrer hearing. RJN, Exhs. G-I.

### IV. LEGAL ARGUMENT

Federal Rule of Civil Procedure 24(a) provides, in relevant part, that, "[o]n timely motion, the court must permit anyone to intervene who ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To establish the right to intervene under Rule 24(a)(2), a third party applicant must satisfy four elements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

1    The Trust can satisfy all of these requirements.  First, its motion is timely and is being
2    made (1) within two months of this matter's initial filing in the Alameda County Superior Court
3    and (2) prior to the initiation of any substantive litigation.

4    Second, the Trust has a significant interest in the litigation.  Plaintiffs' action seeks to
5    quiet title to the Property in their favor.  If successful, the Trust's beneficial interest under the
6    DOT would be wiped out.

7    Third, and related to the second requirement, a ruling in Plaintiffs' favor in this action
8    would wipe out the Trust's ownership interest.

9    Finally, the Trust's interest will not be adequately represented in this action because
10   responding Defendant JPMorgan Chase Bank does not currently possess any interest under the
11   DOT.

12   For these reasons, the Trust respectfully requests that the Court grants its motion and
13   permit it to intervene in this matter.

## V.   CONCLUSION

15   For any and all of the reasons discussed above, the Trust respectfully requests that the
16   Court grant its motion in its entirety.

17   DATED:  April 30, 2018                         STOEL RIVES LLP

19                                                  By:/s/Bryan L. Hawkins
20                                                     THOMAS A. WOODS
                                                       BRYAN L. HAWKINS
21                                                     Attorneys for U.S. Bank National
                                                       Association, as Trustee, Successor in
22                                                     Interest to Bank of America, National
                                                       Association as Trustee as Successor by
23                                                     Merger to LaSalle Bank National
                                                       Association as Trustee for WAMU
24                                                     Mortgage Pass Through Certificates Series
                                                       WAMU 2005-AR3, by and through its
25                                                     attorney in fact Select Portfolio Servicing,
                                                       Inc.

# DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of San Francisco and my business address is Three Embarcadero Center, Suite 1120, San Francisco, California 94111.

On April 30, 2018, at San Francisco, California, I served the attached document(s):

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES WAMU 2005-AR3'S NOTICE OF MOTION AND MOTION TO INTERVENE IN THIS MATTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

on the following parties:

> Jay Hoon Shin                    *Pro Se Plaintiffs*
> Hyesook Shin
> 18980 Mount Lassen Drive
> Castro Valley, CA 94552

☒ **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California 94111, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

☐ **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

☐ **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

☐ **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, Three Embarcadero Center, Suite 1120, San Francisco, California 94111, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

☒ **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on April 30, 2018, at San Francisco, California.

_____
Sharon R. Witkin