# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAY HOON SHIN, ET AL.,** | CASE NO. 18-cv-02143-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO INTERVENE** |
| **WASHINGTON MUTUAL BANK, F.A., ET AL.,** | Re: Dkt. Nos. 12, 20 |
| Defendants. | |

Now before the Court are: (1) plaintiffs Jay Hoon Shin's and Hyesook Shin's motion to remand this suit to state court (Dkt. No. 12 ("Motion to Remand")); and (2) U.S. Bank National Association, as trustee, successor in interest to Bank of America, National Association, as trustee as successor by merger to LaSalle Bank National Association, as trustee for WAMU mortgage pass-through certificates, series WAMU 2005-AR3's ("U.S. Bank") motion to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(a)(2) (Dkt. No. 20 ("Motion to Intervene")). For the reasons set forth below, the Court **DENIES** plaintiffs' Motion to Remand, and **GRANTS** U.S. Bank's Motion to Intervene.[1]

## I. BACKGROUND

On February 21, 2018, plaintiffs filed their complaint against JPMorgan Chase Bank, N.A. ("Chase") and Washington Mutual Bank, F.A. ("WaMu") in the Superior Court of the State of California, County of Alameda. (*See* Plaintiffs' Verified Complaint for Damages, Declaratory Relief, and Injunctive Relief ("Compl.") at ECF 2, Dkt. No. 1-1.)[2] Although difficult to

---

[1] The motions were set for oral argument on June 12, 2018. The Court previously vacated such hearing, noting that it would issue a written decision on the papers without oral argument, pursuant to Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b). (Dkt. No. 36.)

[2] As numerous district courts within this circuit have noted, and as noted by Chase in its notice of removal, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit

comprehend, the thrust of the complaint appears to be a theory that plaintiffs' mortgage loan, which it obtained from WaMu in 2005, is invalid and "has become unsecured, and consequently, no real party in interest exists with the power to collect [p]laintiffs' mortgage payments or to exercise the power of sale under the Deed of Trust, and/or enforce payment from [p]laintiff[s], upon the Promissory Note." (*Id.* ¶ 9.) Based on this theory, plaintiffs allege eight separate causes of action for: (1) quiet title; (2) breach of fiduciary duty; (3) fraud; (4) violation of the California Residential Mortgage Lending Act, California Financial Code section 50505; (5) violation of California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.*; (6) unjust enrichment; (7) accounting; and (8) cancellation of the promissory note and corresponding deed of trust. (*See* Compl. at ECF 2.)

On April 10, 2018, Chase removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. sections 1332, 1441(a), and 1446. (*See* Notice at 1.) On April 20, 2018, plaintiffs filed the instant Motion to Remand contending that Chase's removal was improper because it was untimely and because there is no federal jurisdiction. Chase timely opposed the motion on May 4, 2018. (Dkt. No. 26 ("Opposition to Motion to Remand").)

On April 30, 2018, U.S. Bank filed the instant Motion to Intervene, claiming a significantly protectable interest as trustee for the securitized trust that owns plaintiffs' loan.[3] Plaintiffs' response to the motion was due by May 14, 2018. No response was filed.

---

Insurance Company ("FDIC") through a Purchase and Assumption Agreement, after the Office of Thrift Supervision closed WaMu, deemed it a failed bank, and appointed the FDIC as receiver. *See, e.g., Javaheri v. JPMorgan Chase Bank, N.A.*, No. CV10-08185 ODW (FFMx), 2011 WL 97684, at *1 (C.D. Cal. Jan. 11, 2011); *Chancey v. Wash. Mut. Asset-backed Certificates WMABS Series 2007-HE2 Tr. Issuing Entity*, No. 10-3007-CL, 2010 WL 4976948, at *1 (D. Or. Dec. 2, 2010); *CEP Emery Tech Invr's LLC v. JPMorgan Chase Bank, N.A.*, No. 09-04409 SBA, 2010 WL 1460263, at *1 (N.D. Cal. Apr. 12, 2010); s*ee also* Notice of Removal of Action ("Notice") at 2 ¶ 3, Dkt. No. 1.)

[3] In connection with its Motion to Intervene, U.S. Bank requests that the Court take judicial notice of documents which are either: (i) publicly recorded in Alameda County; or (ii) on file with the Superior Court of the State of California, County of Alameda. (U.S. Bank's Request for Judicial Notice ISO Motion to Intervene ("RJN"), Dkt. No. 20-1.) These documents are all available publicly. Accordingly, the Court **GRANTS** U.S. Bank's unopposed request to take judicial notice of these public records. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original); *see also* Fed. R. Evid. 201(b)(2).

On May 1, 2018, Chase filed a motion to dismiss, with plaintiffs' response due by May 15, 2018. (Dkt. No. 22.) Plaintiffs did not respond, and the Court subsequently ordered them to file an opposition to the motion, or a statement of non-opposition, by no later than May 31, 2018. (Dkt. No. 32.) Instead of filing an opposition to the motion, plaintiffs re-filed the identical Motion to Remand they previously filed on April 20, 2018. (Dkt. No. 33.)

**II. MOTION TO REMAND**

**A. Legal Standard**

An action filed in state court may be removed to the district court where the state court is located if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in two situations: (1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) diversity jurisdiction, where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties, *id*. § 1332(a). *See also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (complete diversity between parties requires that "each defendant . . . be a citizen of a different state from each plaintiff"). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1); *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). Although the time limit for removal petitions is not jurisdictional, "a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.     Discussion**

As stated above, plaintiffs present two arguments in favor of remand: (1) Chase's notice of removal was untimely; and (2) the Court lacks federal jurisdiction over this matter. Neither of these arguments supports the relief sought.

First, Chase's notice of removal was timely filed. Plaintiffs served Chase with the summons and complaint by substituted service pursuant to California Code of Civil Procedure section 415.20 on March 1, 2018. (*See* Compl. at ECF 70.)[4] Section 415.20(a) provides that "[s]ervice of summons in this manner is deemed complete on the 10th day after the mailing." Thus, service was completed here on March 11, 2018, and section 1446's 30-day removal provision was triggered on that day. *See, e.g., Ewing v. Integrity Capital Sols., Inc.*, 16-cv-1469 JLS MDD, 2017 WL 744517, at *4 (S.D. Cal. Feb. 27, 2017) (where substituted service was completed on May 5, 2016, "[s]ervice was therefore completed on May 15, 2016, and Section 1446's thirty-day removal provision was triggered"). Because April 10, 2018 was the thirtieth day "after the service of summons upon the defendant[,]" 28 U.S.C. § 1446(b)(1), Chase's removal notice was timely filed on that day.

Second, the Court has diversity jurisdiction over this matter. Plaintiffs' argument to the contrary is based on the flawed premise that Chase is a citizen of California because it "maintains business offices (branch offices) throughout the State of California." (Motion to Remand at 3.) However, the test for citizenship of a national banking association is the location of its main office as designated in its articles of incorporation. 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306–07 (2006); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 712 (9th Cir. 2014). Chase is a national banking association with its main office, as designated in its articles of association, in Columbus, Ohio. *See Oby v. Clear Recon Corp.*, No. 2:16-cv-01008-MCE-CKD, 2017 WL 714305, at *3 (E.D. Cal. Feb. 23, 2017) ("Chase's Articles of Association designate its

---

[4] While plaintiffs reference service on April 1, 2018 in their motion (*see* Motion to Remand at 2), they presumably mean March 1, 2018, as reflected in the proof of service.

main office as being located in Columbus, Ohio."); *see also* Opposition to Motion to Remand Exh. A. As such, Chase is a citizen of Ohio, not California. Because it is undisputed that plaintiffs are citizens of California (*see* Compl. at ECF 3 ¶ 2), there is complete diversity between plaintiffs and Chase. As plaintiffs claim damages "in an amount . . . not less than $1,000,000.00," (Compl. at ECF 34 ¶ 5), the Court concludes that it has jurisdiction over this case based on diversity, pursuant to 28 U.S.C. section 1332. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees[,] and punitive damages.").[5]

Because the Court finds that Chase's notice of removal was timely and the requirements for diversity jurisdiction are satisfied, plaintiffs' Motion to Remand is **DENIED**.[6]

## III. MOTION TO INTERVENE

### A. Legal Standard

Federal Rule of Civil Procedure 24 provides, in relevant part, that, "[o]n timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to establish the right to intervene under Rule 24(a)(2), a third party applicant must satisfy four elements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the

---

[5] *Cf. Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [$75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [$75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied.").

[6] Since Chase's notice of removal does not rely on the existence of a federal question as the basis for the Court's jurisdiction, the Court need not address plaintiffs' additional argument that the action must be returned to state court because their claims are all state law claims. (*See* Motion to Remand at 3–4; *see also* Notice at 2 ¶ 4 ("Removal jurisdiction is proper based on diversity of citizenship . . . .").)

existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation marks omitted). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Citizens for Balanced Use v. Mont. Wildernesss Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation marks omitted).

### B. Discussion

U.S. Bank asserts in its motion that the Court should grant the intervention because it has satisfied the requirements of the four-part test. First, U.S. Bank argues that its motion is timely as it is made (1) within two months of the matter's initial filing in state court, and (2) prior to the initiation of any substantive litigation. (Motion to Intervene at 5.) Second, U.S. Bank asserts that it is trustee for the securitized trust that owns plaintiffs' loan and is thus the current beneficiary to the property interest that is central to plaintiffs' complaint. (*See id.*; *see also* RJN Exhs. A–C.) Third, U.S. Bank contends that a ruling in plaintiffs' favor would "wipe out" its ownership interest. (Motion to Intervene at 5.) Finally, U.S. Bank argues that its interest will not be adequately represented in this action because Chase "does not currently possess any interest under the [Deed of Trust]." (*Id.*)

The Court finds that U.S. Bank has made a reasonable showing to satisfy the four-part test for granting intervention as of right. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). No prejudice will result against the present parties by allowing U.S. Bank to intervene, and practical considerations dictate that, as the beneficiary to the property interest in this action, U.S. Bank has a need to be represented in a way that Chase cannot adequately provide. Accordingly, and because Rule 24(a) is generally construed liberally in favor of potential intervenors, the Court **GRANTS** U.S. Bank's unopposed Motion to Intervene.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** plaintiffs' Motion to Remand and **GRANTS** U.S. Bank's Motion to Intervene. Pursuant to U.S. Bank's proposed schedule (*see* Dkt. No. 20-2), its response to plaintiffs' complaint shall be filed by no later than **July 26, 2018**. In the event U.S. Bank files a motion to dismiss plaintiffs' complaint, any opposition thereto must be

6

filed by plaintiffs on **August 9, 2018**, with U.S. Bank's reply due on **August 16, 2018**. The Court will not schedule a hearing on said motion and will deem it submitted as of August 17, 2018.[7] If plaintiffs fail to respond substantively to any such motion to dismiss in a timely fashion, the Court will deem plaintiffs' failure to respond an admission that U.S. Bank's motion should be granted.

This Order terminates Docket Numbers 12 and 20.

**IT IS SO ORDERED.**

Dated: July 12, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] In the interest of judicial economy, the Court will rule concurrently on the pending motion to dismiss filed by Chase and any such motion filed by U.S. Bank.

7